Johnson, C. J. The defendant in error by replying to all the pleas which were adjudged good upon demurrer, necessarily narrowed down the present investigation to the points raised upon the demurrer to third and seventh together with such as may present themselves upon the motion for a new trial. The substance of the third plea is, that the defendant performed and discharged the duties pertaining to the respective clerk’s offices in so careless, bungling ■and negligent a manner that his services were of no value or benefit to him, but that on the contrary they were prejudical. It is a well settled rule of law' that when a party undertakes the performance of duties requiring art and skill,' that whether so expressed or not in the contract, he will be held so to have undertaken, and if any loss or injury should result to the other party from a want of those requisites, he will be held responsible for it. If the defence set up in this plea be true in point of fact, it most assuredly was competent to be pleaded, as it might not only reduce the quantum of damages, but by possibility prevent a recovery altogether. It certainly would not be contended that where a party holds himself out to the world as a clerk and undertakes to exercise that degree of art and skill which would be necessary to a due and faithful execution of the duties of that office, and then turns out to be wholly deficient i’n those essential particulars, would be entitled to recover the full amount for which he stipulated and then drive the other party tea cross action. This would be a very unnecessary circuity, and one which the law would not countenance for a moment. There can be no doubt but that the defendant, though he did not so express it in the covenant, undertook that he was competent to discharge the ■duties of the office in a skilful and clerk-like manner, and if he has failed to fulfil that part of his engagement, he cannot with any show of justice or propriety be permitted to coerce the full sum contracted for from the plaintiff, and then to leave him to the circuitous and uncertain remedy of a cross action. It is clear therefore that the circuit court erred in sustaining the demurrer to the third plea¿ The decision upon the demurrer to the seventh plea is undoubtedly correct, as the matters of defence set up are clearly inadmissible as a set-off, and could only be enforced by a cross action. It is urged that although the pleas should be adjudged bad, yet they are sufficient for the declaration. One of the causes specially assigned, and the one upon which most reliance is placed, to quash the declaration, is that it wholly fails to negative the fact of the sickness of the defendant, and the consequent loss of service. It ■will be conceded that the declaration contains no averment negativing the very words of the contract, yet it is declared that he entered upon the services of the plaintiff and performed the duties of the office as his deputy, and continued so to do according to the true intent and meaning of the articles of agreement. This averment is as broad as language could make it, and is fully equivalent to a direct negative of the terms of the covenant. We will now pass to the points made upon the motion for anew trial. The plaintiff in his sixth plea avers that the fees, per-diem pay, emoluments and profits in the article of agreement mentioned, were not at the institution of the suit, nor at the time of pleading collected by himself, the Marshal of the district, or otherwise howsoever. This is a negative plea, and the defendant by taking issue upon the facts necessarily took upon himself the burden of proof. Upon a careful review of the bill of exceptions which purports to embody all the evidence in the cause, it does not appear that any evidence was adduced upon the trial to support the issue formed Upon this plea. In the absence of record evidence that such proof was not made, the legal presumption would be in favor of the verdict, but in this case there is an affirmative showing that the issue was wholly unsupported by the proof. The verdict covers all the issues made between the parties, and it affimatively appearing that one of those issues was found against the plaintiff in the absence of all proofj it is perfectly manifest that the verdict is contrary to or at least without evidence. The circuit court therefore clearly erred in refusing a new trial. Judgment reversed.